**F I L E D**

**UNITED STATES COURT OF APPEALS** October 18, 2006

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNATHAN C.F. ELLIS,

    Defendant-Appellant.

No. 05-3349
(D.C. Nos. 05-CV-3226-KHV and
03-CR-20122-KHV)
(Kansas)

---

## ORDER[*]

---

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Johnathan Charles Foster Ellis, a federal prisoner proceeding *pro se*, requests a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.[1] *See* 28 U.S.C. § 2253(c)(1) (Before a prisoner may appeal the dismissal of a § 2255 motion, he must first obtain a COA.). Because we conclude Mr. Ellis waived his right to collaterally attack his sentence, we deny his

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] Because he is proceeding *pro se*, we review Mr. Ellis' pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

application for a COA and dismiss his appeal.

Mr. Ellis pled guilty, pursuant to a plea agreement, to one count of opening and maintaining a place for the distribution of methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. According to the plea agreement, Mr. Ellis understood that the maximum penalty for his crime was twenty years imprisonment, a $500,000 fine, the possibility of lifetime supervised release, and a $100 mandatory special assessment. In signing the plea agreement, Mr. Ellis further conveyed he understood that conduct charged in the dismissed counts, as well as all uncharged related criminal activity, would be considered when calculating his offense level under the sentencing guidelines. Following the acceptance of Mr. Ellis' plea, the district court sentenced him to 100 months imprisonment.

Mr. Ellis did not appeal his conviction or sentence. Instead, he filed the present § 2255 motion claiming, among other things, that (1) the district court improperly enhanced his sentence for possession of a firearm in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); (2) his attorney pressured him into pleading guilty; and (3) his attorney was ineffective for failing to object to the firearm enhancement or consulting with Mr. Ellis regarding the possibility of an appeal. In an in-depth opinion, the district court dismissed his motion, both on the ground that he waived his right to collateral attack and on the merits of his claims. The court also denied his request for a COA, but granted his motion to

-2-

proceed *in forma pauperis* (*ifp*).

Where, as here,

> the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court provided a well-reasoned ruling that Mr. Ellis waived by plea agreement his right to collaterally challenge his sentence. After carefully reviewing the district court's opinion and the record in this case, we conclude that jurists of reason would not find the district court's waiver determination debatable.

In exchange for the government's agreement not to file additional charges or request an upward departure and its recommendation that he receive a reduction in his offense level, Mr. Ellis agreed to, among other things, "knowingly and voluntarily waive[]  any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." Plea Agreement at 6. The plea agreement goes on to state that

> [t]he defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion

brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].

*Id.* 6. At Mr. Ellis' plea hearing, the district court engaged him in a detailed Rule 11 colloquy, asking directly whether Mr. Ellis understood that by pleading guilty he was waiving his right to appeal or collaterally attack his sentence. Rec., supp. vol. I at 28-32. Mr. Ellis replied that he understood and agreed to the waiver. *Id.*

In *United States v. Cockerham*, we held "that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." 237 F.3d at 1183. This is the case even where, as here, a prisoner raises ineffective assistance of counsel claims so long as those claims do not assert that ineffective assistance of counsel rendered the plea or waiver unknowing or involuntary. *Id.* at 1187. Mr. Ellis claims that his attorney failed to provide him with effective assistance of counsel by not objecting to the firearm enhancement and failing to consult with him about the possibility of an appeal. Both of these claims go to Mr. Ellis' sentence, not the validity of his plea agreement. Thus, pursuant to *Cockerham*, we conclude that Mr. Ellis's ineffective assistance of counsel claims are subject to waiver absent evidence that he entered into the waiver or plea unknowingly or involuntarily.

Mr. Ellis does, in fact, make such a claim. He asserts he did not enter into the plea agreement voluntarily because his "attorney was scheduled to take a long

-4-

awaited family vacation during the time [his] case would have gone to trial. This created a conflict for [his] attorney and he pushed [Mr. Ellis] into making an uninformed plea." Aplt. COA App. at 3. This conflict was further exacerbated, Mr. Ellis claims, when the district court denied a request for a continuance.

We first note that Mr. Ellis failed to provide either the district court or this court with any evidence, beyond his own assertion, that his attorney was conflicted and, as a result, pressured Mr. Ellis to enter into the plea agreement. Moreover, we have held that even "palpable" pressures exerted by a defendant's attorney in an effort to encourage his client to accept a plea agreement "do not vitiate the voluntariness of his plea; it was still his choice to make." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (defendant's claim "that he was 'hounded, browbeaten and yelled at' by [his attorney] . . . [who] called him 'stupid' and 'a fucking idiot'" did not indicate defendant's plea was involuntary when "the thorough exchange between the court and [defendant] during administration of the Rule 11 protocol . . . clearly demonstrates that [defendant] entered his plea willingly and voluntarily at the time he made it.")

The plea agreement that Mr. Ellis signed included a clause stating that he believed that his lawyer did all that he could to counsel and assist him. Petition to Enter Plea of Guilty at 5. Attached to the plea agreement is a statement signed by Mr. Ellis' attorney stating his opinion that Mr. Ellis' guilty plea was "voluntarily and understandingly made." *Id.* at 7. Moreover, in his Rule 11

colloquy with the district court, Mr. Ellis asserted repeatedly that he was satisfied with his attorney's representation, rec., supp. vol. I at 9, 15, and that his plea was entered into knowingly and voluntarily. *Id.* at 37. Finally, the plea agreement clearly set forth the waiver of the right to appeal and collateral attack, and its language is sufficiently broad to cover attacks on both Mr. Ellis' conviction and sentence.

We conclude the record shows Mr. Ellis entered into the plea agreement knowingly and voluntarily, and hence the waiver contained in the agreement is presumed to be knowingly and voluntarily agreed to. There is no evidence of pressure from his attorney, and even if there were such evidence, palpable pressures do not vitiate his voluntariness. Accordingly, we **DENY** Mr. Ellis' application for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge